IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VINCENT KELLY | ) | |
| | ) | |
| v. | ) | NO. 3:16-1371 |
| | ) | |
| SOUTHERN HEALTH PARTNERS, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered June 16, 2016 (Docket Entry No. 5), this prisoner civil rights action was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

The *pro se* lawsuit was filed on April 25, 2016, in the Chancery Court for Davidson County, Tennessee by Vincent Kelly ("Plaintiff"), who appears to be an inmate at the Dickson County Jail ("Jail") in Charlotte, Tennessee. *See* Docket Entry No. 1-1  On June 15, 2016, Southern Health Partners, Inc. ("SHP"), one of the defendants named in the complaint, filed a notice of removal of the action to this Court under 28 U.S.C. § 1441, asserting that Plaintiff raises a federal question based upon his claims that his federal constitutional rights have been violated at the Jail.

The complaint is not a model of clarity and is not an actual complaint in the normal form, but it is apparent that Plaintiff alleges that his medical needs have not been properly treated at the

Jail. *See* Docket Entry No. 1-1. As part of his complaint, he includes copies of three grievances he filed at the Jail about incidents involving poor or lacking treatment in 2015 and 2014. *Id*. at 3-5. Plaintiff names as defendants SHP, David Darnell ("Darnell"), Rhonda Felts ("Felts"), Jerome Holt ("Holt"), Dickson County Sheriff Jeff Bledsoe ("Bledsoe"), and Dickson County Mayor Bob Rial ("Rial"). *Id*. at 1. Plaintiff contends that the medical staff and the Jail staff have committed negligence and have violated his Eighth and Fourteenth Amendment rights. *Id*. at 6-9. No specific relief is sought by Plaintiff.

Defendant SHP has filed a motion to extend the time for it to file a responsive pleading pending the Court's review of the complaint under 42 U.S.C. § 1997e(c). *See* Docket Entry No. 4. Defendants Darnell, Felts, Holt, Bledsoe, and Rial (hereinafter referred to collectively as the "Dickson County Defendants") have filed a similar motion. *See* Docket Entry No. 6.

Under the Prison Litigation Reform Act (" PLRA"), the Court must conduct a review of any civil complaint brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c).[1] Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). In reviewing the complaint to determine whether it states a plausible claim that survives review, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual

---

[1] Because Plaintiff did not file his lawsuit directly in this Court along with an application to proceed *in forma pauperis*, the Court did not conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2)

2

allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To the extent that Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights, his complaint can liberally be construed as being brought pursuant to 42 U.S.C. § 1983, which provides for a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege, or immunity secured by the Constitution. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Plaintiff's factual allegations are sufficient to state a plausible claim that his Eighth Amendment right to constitutionally adequate medical care was violated at the Jail. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). However, there are no allegations in the complaint that state plausible Fourteenth Amendment claims that are unrelated to the protected right to a certain level of medical care.[2]

Plaintiff's allegations are sufficient to state a plausible claim against Defendant SHP, who the Court liberally presumes has contracted to provide health care to inmates at the Jail. Plaintiff's allegations also sufficiently implicate Defendants Holt, Felts, and Darnell in the denial of medical care and state a plausible claim against them at this stage of the action. However, there are no allegations in the complaint against Defendant Rial, and the allegations against Defendant Bledsoe

---

[2] It is unclear from the complaint whether Plaintiff is confined as a convicted prisoner or as a pretrial detainee. His allegations do not support an independent Fourteenth Amendment claim if he is a convicted prisoner. However, if he is a pretrial inmate, his medical care claims would be brought pursuant to the Fourteenth Amendment, which has been construed to provide a pretrial detainee with rights analogous to those provided for by the Eighth Amendment. *See Garretson v. City of Madison Heights*, 407 F.3d 789, 795 (6th Cir. 2005).

are so vague and cursory that they do not state a plausible claim. Neither individual can be sued under Section 1983 merely because of their supervisory capacity. *See Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).

Given the filing of the complaint on April 28, 2016, it would appear that some of Plaintiff's factual allegations may relate to events that occurred more than one year prior to the filing of the complaint and, thus, would likely be subject to dismissal on statute of limitations grounds. However, because the face of the complaint does not clearly show that his claims are untimely, the Court will not parse out his medical care claims and will leave resolution of any statute of limitations issue for subsequent proceedings.

Plaintiff also refers in his complaint to negligence on the part of Defendants. While allegations of negligence cannot support constitutional claims under Section 1983 based on the quality of medical care provided to a prisoner, *Estelle*, 429 U.S. at 106, a state law claim for negligence may be brought as a part of this action pursuant to the Court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367 as long as his federal claims remain before the Court.

# RECOMMENDATION

For the reasons set out above, the Court RECOMMENDS that, pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), Defendants Bob Rial and Jeff Bledsoe be DISMISSED from the

action, but that the action proceed against Defendants Southern Health Partners, Inc., David Darnell, Rhonda Felts, and Jerome Holt.[3]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                Respectfully submitted,

                                                BARBARA D. HOLMES
                                                United States Magistrate Judge

---

[3] If this Report and Recommendation is adopted, Plaintiff should be required to file, within twenty (20) days of the adopting Order, an amended complaint that more clearly and succinctly sets out the specific factual allegations upon which his claims against Defendants Southern Health Partners, Inc., David Darnell, Rhonda Felts, and Jerome Holt are based, what each Defendant is specifically alleged to have done, in what capacity each Defendant is sued, and what relief Plaintiff seeks. His original complaint in its current form, although sufficient to state colorable claims, is simply incapable of being answered with a responsive pleading. Upon Plaintiff's filing of his amended complaint, Defendants shall file their response to the amended complaint within twenty-on (21) days.