IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VINCENT KELLY | ) | |
| | ) | |
| v. | ) | NO. 3:16-1371 |
| | ) | |
| SOUTHERN HEALTH PARTNERS, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered June 16, 2016 (Docket Entry No. 5), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

Pending before the Court are the motion to dismiss (Docket Entry No. 20) filed by Defendant Southern Health Partners, Inc., and the motion for summary judgment (Docket Entry No. 37) filed by Defendants David Darnell, Rondia Felts, and Jerome Holt. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motions be GRANTED and this action be DISMISSED.

## I. BACKGROUND

Vincent Kelly ("Plaintiff") filed this lawsuit *pro se* on April 25, 2016, in the Chancery Court for Davidson County, Tennessee. On June 15, 2016, Southern Health Partners, Inc. ("SHP"), one

of the defendants, removed the lawsuit to this Court under 28 U.S.C. § 1441, asserting that Plaintiff raises a federal question.

Plaintiff filed his lawsuit while an inmate in the Dickson County Jail in Charlotte, Tennessee, where he appears to still be confined. He alleges that his medical needs have not been properly treated at the Jail in violation of both his federal constitutional rights and state law. *See* Complaint (Docket Entry No. 1-1). Specifically, he alleges that, during the time period of September 29, 2015, to October 1, 2015 he received inadequate treatment from the medical staff for a painful bump and swelling on his chin and that he was not transported to a hospital or given pain medication after he became dizzy, fell, and hit his head. *See* Complaint at 3, and Amended Complaint (Docket Entry No. 16). He also attaches to his Complaint grievance forms from the Jail that pertain to alleged inadequate treatment for two hernias he complained about in October 2014. *See* Complaint at 5.

Upon the Court's review of the complaint under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the Court dismissed claims against Dickson County Sheriff Jeff Bledsoe and Dickson County Mayor Bob Rial but permitted the action to proceed against SHP and Jail employees Sgt. David Darnell ("Darnell"), Cpt. Rondia Felts ("Felts"),[1] Chief Jerome Holt ("Holt"). *See* Order entered September 12, 2016 (Docket Entry No. 32). Defendants Darnell, Felts, and Holt filed a joint answer, *see* Docket Entry No. 17, and the Court entered a scheduling order providing deadlines for pretrial activity in the action. *See* Docket Entry No. 23. In response to a directive from the Court, Plaintiff filed additional factual allegations expounding upon the allegations set out in his pleadings. *See* Response to Order (Docket Entry No. 35).

---

[1] Plaintiff incorrectly spelled Defendant Felts' first name as "Rhonda" in the Complaint.

## II. DEFENDANTS' MOTIONS

Defendant SHP moves to dismiss the claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. SHP, which has contracted to provide medical services to inmates at the Jail, argues that Plaintiff's pleadings fail to support a claim under Section 1983 because there are no factual allegations showing that a policy or custom of SHP was the cause of any of the alleged inadequate health care about which Plaintiff complains. *See* Memorandum in Support (Docket Entry No. 21). SHP further argues that, to the extent that Plaintiff's pleadings can be construed to allege a state law claim for medical malpractice, he has not shown his compliance with the mandatory procedural requirements of the Tennessee Health Care Liability Act. *Id*.

In response, Plaintiff asserts that the Jail officials have a duty to provide him with adequate medical care, and he argues the merits of his claims that he was denied adequate medical care, contending that he has met both the standards for a constitutional claim and a negligence claim. *See* Response (Docket Entry No. 31). He further contends that Defendant SHP "failed to oversee the people who caused the wrong, such as by hiring unqualified people Nurse Kim and Nurse Carla or failing to adequately train the staff." *Id*. at 7.

Defendant SHP replies that nothing contained in Plaintiff's response shows that he has a claim that withstands the motion to dismiss. *See* Docket Entry No. 36. SHP further argues that Plaintiff's response actually shows that his claim against SHP is based upon a theory of *respondeat superior* liability for the conduct of SHP's employees, which is a theory that does not support a constitutional claim under 42 U.S.C. § 1983. *Id*.

Defendants Darnell, Felts, and Holt (hereafter referred to collectively as "Defendants") seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure. They contend that the undisputed facts show that the medical issues presented by Plaintiff to the staff at the Jail amounted to relatively minor medical issues, for which Plaintiff was nonetheless provided with appropriate care, and that there is no evidence supporting a claim that any Defendant acted with deliberate indifference to Plaintiff's serious medical needs. *See* Memorandum in Support (Docket Entry No. 38) at 5-11 and 12-15. Defendants further raise the defense of qualified immunity to any damage liability. *Id*. at 15-18. To the extent that Defendants have been sued in their official capacities, they argue that Plaintiff has not set forth any evidence supporting such a claim, which is essentially a municipal liability claim against the Dickson County municipal government. *Id*. at 11-12. Defendants support their motion with a Statement of Undisputed Material Facts (Docket Entry No. 39) and with the affidavits of Defendant Darnell (Docket Entry No. 40-1), Defendant Felts (Docket Entry No. 40-2), Nurse Kim Judy (Docket Entry No. 40-3), and Deputy Jacob Dotson (Docket Entry No. 40-4).

Although Plaintiff's response to the motion for summary judgment was not timely filed, the Court shall nonetheless consider it.[2] In his response, Plaintiff disputes Defendants' contention that his medical needs were not serious, asserting that his face was extremely swollen, that he was in pain, and that his dizziness caused him to fall and still persists. *See* Docket Entry No. 45. He argues that he should have been taken to the hospital for an examination after his fall to ensure that he did not suffer other injuries. *Id.* He also asserts that Defendants' supporting affidavits are made in bad

---

[2] Plaintiff was given a deadline of January 6, 2017, to file a response, *see* Order entered November 28, 2016 (Docket Entry No. 41), but did not file his response until January 17, 2017.

4

faith because of this lawsuit and because Defendants refuse to admit their wrongdoing. *Id*. at 4. Plaintiff contends that Defendant Felts had actual knowledge of his conditions because she oversees the Jail and is fully aware of all incidents that occur at the Jail. *Id.* at 3. Defendants have filed a reply to the response. *See* Docket Entry No. 46.

### III. STANDARDS OF REVIEW

The motion to dismiss is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). The factual allegations in Plaintiff's pleadings must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim has facial plausibility when Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. In review of the sufficiency of the complaint, the Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). *See Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). To defeat a summary judgment motion, the party opposing the motion must present affirmative evidence to support the party's position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## IV. CONCLUSIONS

The Court has reviewed both motions and the entire record and finds that the motions should be granted and this action should be dismissed in its entirety. There is no legal or factual merit to Plaintiff's claims, and there is nothing before the Court that requires Plaintiff's claims to be heard at trial.

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, to succeed on a constitutional inadequate medical care claim, Plaintiff must show more than a mere disagreement with the type, manner, or adequacy of the care he was provided at the Jail. He must show: 1) that he had an objectively serious medical need, *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); and 2) that the prison official sued had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). This is a high standard and is not satisfied by a showing of negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703. More than evidence of medical malpractice or negligence is required because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." *Comstock*, 273 F.3d at 703. *See Estelle*, 429 U.S. at 105; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985).

Despite Plaintiff's assertion to the contrary, there is no evidence before the Court that Plaintiff's medical needs rose to the level of being serious medical needs under the Eighth Amendment. Not every medical need is objectively serious in a constitutional sense. Furthermore, Defendants' evidence (*see* Affidavits of Darnell, Judy, and Dotson) shows that Plaintiff was not ignored, but was observed, examined, and provided with appropriate treatment in response to his

complaints. There is no evidence before the Court that shows, or from which it can be inferred, that any decision made with respect to Plaintiff's medical needs was colored by deliberate indifference. Plaintiff's contention that the affidavits have been submitted in bad faith has no basis.

No reasonable jury could find that Defendants treated Plaintiff with deliberate indifference with respect to his serious medical needs as is required for a constitutional claim. *See Farmer*; *supra*; *Estelle*, *supra*. Plaintiff's claim essentially amounts to displeasure with the adequacy of the treatment he received at the Jail and his desire for different treatment. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not support such a conclusion. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

When a motion for summary judgment is made and properly supported, such as the motion filed by Defendants, the non-moving party must establish the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). Plaintiff has failed to satisfy this burden, and summary judgment should be granted to Defendants.

The Court's finding that there is no evidence that an underlying constitutional violation occurred is sufficient to warrant dismissal of the claims against Defendants without full analysis of the qualified immunity defense they raise in their motion. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009). This finding is also sufficient to support dismissal of any municipal liability claim against Defendants to the extent that they are sued in their official capacity, *see City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986), as well as the dismissal of Defendant SHP since any potential liability against SHP is analyzed in the same manner as a municipal liability claim. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). *See also Starcher v. Correctional Med. Sys., Inc.*, 7 Fed.App'x. 459 (6th Cir. March 26, 2001) (applying policy requirement to private medical provider in a prison medical care case).

With respect to Defendant SHP, Plaintiff has also failed to set forth any factual allegations showing that a policy of SHP was the moving force behind the alleged wrongdoings that form the basis for his claim. Such a showing is required for a claim against Defendant SHP under Section 1983. *Street*, *supra*. Plaintiff's assertion that SHP employees are inadequately trained and inadequately supervised is entirely conclusory and is not sufficient to support a claim for relief. The Court need not accept as true legal conclusions, unwarranted factual inferences, and conclusory allegations. *Maxwell v. Corr. Med. Servs., Inc.*, 538 Fed.App'x 682, 692 (6th Cir. 2013). As this Court has noted, "[i]n the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal's* standards strictly." *Hutchison v. Metropolitan Gov't of Nashville*

*and Davidson Cnty.*, 685 F.Supp.2d 747, 751 (M.D. Tenn. Feb. 5, 2010) (Nixon, J.) (collecting cases).

## V. STATE LAW CLAIM

To the extent that Plaintiff's pleadings can be liberally construed to assert a state law claim for medical malpractice based on negligence, this claim warrants dismissal. Claims sounding in medical malpractice under Tennessee law are governed by the Tennessee Health Care Liability Act (the "Act"), Tenn. Code Ann. §§ 29-26-101 *et seq*. *See Truth v. Eskioglu*, 781 F.Supp.2d 630, 631 (M.D. Tenn. 2011). The Act requires both very specific pre-suit notice requirements, Tenn. Code Ann § 29-26-121, as well as the filing of a certificate of good faith in which the plaintiff states that he has consulted with a medical expert who has provided a written statement confirming that there is a good-faith basis for the plaintiff's action. Tenn. Code Ann. § 29–26–122(a)(1)-(2). Failure to comply with these statutory requirements warrants dismissal of a medical malpractice claim. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 309 (Tenn. 2012); *Portwood v. Montgomery Cty., Tenn.*, 2013 WL 6179188 at *6 (M.D. Tenn. Nov. 25, 2013) (Trauger, J.). Plaintiff has not shown that he has satisfied these requirements.

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 20) filed by Defendant Southern Health Partners, Inc., and the motion for summary judgment (Docket Entry No. 37) filed by Defendants David Darnell, Rondia Felts, and

Jerome Holt be GRANTED in favor of Defendants and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge